UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHAD McKINNEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:13-CV-677 PS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the court on the habeas corpus petition (DE 1) filed by Chad McKinney, a *pro se* prisoner, challenging his prison disciplinary proceeding at the Indiana State Prison on May 31, 2011, where he was found guilty of Possessing Unauthorized Property in violation of B-215. The respondent filed a motion to dismiss (DE 4) and informed the petitioner "in the spirit of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), that he had . . . twenty-three (23) days from the date on the certificate of service to file [his] reply with the Clerk." DE 4 at 3. This was incorrect. Pursuant to N.D. Ind. L.Cr.R. 47-2, he had 28 days – plus the 3 days for mailing provided for by Federal Rule of Civil Procedure 6(d) – for a total of 31 days. Thus, the deadline was October 7, 2013. Nevertheless, I have waited even longer for a response from the petitioner and none has arrived.

The respondent argues that these claims are unexhausted because McKinney did not appeal to the Final Reviewing Authority and has provided the administrative record which proves that McKinney did not appeal beyond the Superintendent of the Indiana State Prison. In Indiana, prison disciplinary cases cannot be appealed to the state courts, so "to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory

to the . . . Final Reviewing Authority . . ..” *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Here, because McKinney did not file an administrative appeal to the Final Reviewing Authority and has not provided any explanation for not doing so, all of these claims are procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

For the foregoing reasons, the motion to dismiss (DE 4) is **GRANTED**, and the habeas corpus petition (DE 1) is **DENIED**.

**SO ORDERED**.
ENTERED: November 8, 2013.

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT